No. 85-168

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

ELDORA J. PORCH, BOBBY RAY TANNER
and FRANCIS C. CADWELL,

        Plaintiffs and Appellants,

-vs-

POWDER RIVER BOARD OF COUNTY COMMISSIONERS,
ALVIN RASCHKOW, F.F. HUCKINS, TED FLETCHER,
Commissioners,

        Defendants and Respondents.

---

APPEAL FROM:  District Court of the Sixteenth Judicial District,
In and for the County of Powder River,
The Honorable Nat Allen, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

            Anderson, Brown, Gerbase, Cebull & Jones; Joe Gerbase,
Billings, Montana

      For Respondents:

            Daniel Schwarz, County Attorney, Broadus, Montana

---

Submitted on Briefs:  Oct. 3, 1985

Decided:  December 30, 1985

Filed:    DEC 3 0 1985

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment entered in the Sixteenth Judicial District, in and for the County of Powder River, Montana. The District Court denied appellants' application for a writ of prohibition against respondents to prohibit them from building a swimming pool pursuant to the creation of a RSID.

Prior to May 31, 1984, a number of petitions were circulated in Powder River County, Montana, for the purpose of creating a rural special improvement district (RSID), pursuant to § 7-12-2102, MCA (1983). The commissioners executed a resolution of intent to create the RSID and it was subsequently created for the purpose of constructing a swimming pool.

The appellants brought this action under an application for a writ of prohibition to prohibit the Commissioners from building the swimming pool. The sufficiency of the petition was challenged on the grounds it did not contain the names of the requisite percentage of freeholders within the district. A show cause hearing was held and the application was denied.

The 1985 Legislature amended § 7-12-2102, MCA (1983), Sec. 2, Ch. 665, L. 1985. There is no longer the requirement of petition of 60% of the freeholders affected for establishment of a RSID. The county commissioners have the authority, "[w]henever the public interest or convenience may require, to order and create special improvement districts outside the limits of incorporated towns and cities . . . " The Powder River County Commissioners may proceed with

2

establishment of the RSID to build a swimming pool.  The statutes provide a method of written protest by property owners who are liable to be assessed if the district is established.  The order quashing the writ of prohibition is affirmed for the reason the question is moot.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

3